**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Georgann Picow | : No.: 1:23-cv-23323 |
| Plaintiff, | : |
| | : Complaint and Jury Trial Demand |
| v. | : |
| AIG Property Casualty Company, | : |
| Defendant. | : |

Plaintiff Georgann Picow ("plaintiff"), by and through her counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against defendant AIG Property Casualty Company ("defendant"), hereby says, states, and avers as follows:

**THE PARTIES**

1. Plaintiff is an individual with an address of 10392 El Parasio Place, Delray Beach, Florida 33446. At all relevant times, plaintiff owned the property located at 105 S. Stratford Ave, Ventnor City, NJ 08406 (the "Property").

2. Defendant is an insurance company with a primary place of business of 175 Water Street, New York, New York 10038. AIG is authorized to do, and does, business within this District.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is based upon 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

4. This Court may maintain personal jurisdiction over defendant because defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice.

3480694.1

5.  Pursuant to 28 U.S.C. 1391, venue is properly laid in this District because a substantial part of the transactions and issues giving rise to plaintiff's claims occurred in this judicial district.

## STATEMENT OF FACTS

6.  At all relevant times, AIG agreed to insure the Property with property damage coverage under insurance policy number PCG 0022454248 ("Policy").

7.  The Policy provides coverage for loss arising out of a pipe break.

8.  For the applicable policy period, defendant assessed plaintiff a premium in order to receive insurance with defendant.

9.  Plaintiff paid this premium in full.

10. At all relevant times, plaintiff otherwise complied with all of the requirements and conditions set forth in the Policy.

11. On or about January 16, 2023, plaintiff discovered that the Property sustained damage from a pipe burst.

12. As a result of this pipe burst, plaintiff sustained significant damages.

13. Plaintiff timely notified defendant of the loss, requesting that defendant pay plaintiff the value of the damage sustained as a result of the pipe break.

14. Despite its obligation to do so, defendant has refused to fully insure the damage caused by the loss for which plaintiff sought coverage.

15. Defendant has refused to provide coverage for plaintiff's loss, contending that the pipes broke due to plaintiff's failure to "use reasonable care to maintain heat" to the Property.

16. Defendant's reliance on this section of the Policy (or any other section of the Policy) is misplaced as plaintiff took all reasonable steps to maintain heat in the Property.

17. Defendant's decision to not provide coverage is a breach of the parties' contract.

18. As a result, plaintiff has been harmed.

### COUNT ONE (BREACH OF CONTRACT)

19. The foregoing paragraphs are incorporated at length as if set forth fully herein.

20. The Policy covering the plaintiff in this matter is a valid contract entered into by the parties, and acknowledged to be binding by plaintiff and defendant as parties to the contract and to this action.

21. At all times, plaintiff acted properly and within her rights under the contract, and performed all of her duties under the Policy.

22. Per the Policy, defendant is responsible to pay plaintiff for the value of the damage to the Property.

23. Despite the demand by plaintiff and the obligation of defendant, defendant has refused to provide full coverage for plaintiff's loss, as required under the Policy.

24. Defendant's failure to provide complete coverage for plaintiff's loss is a breach of its contract with plaintiff.

25. Due to defendant's breach of its obligations under the contract, plaintiff has been damaged.

**WHEREFORE**, plaintiff demands judgment in her favor against defendant in an amount in excess of $100,000.00, including pre- and post-judgment interest, costs of suit, and such other legal and equitable relief as this Court deems just and proper.

### COUNT TWO
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26. Plaintiff incorporates the above allegations as if set forth at length herein.

27. Within every agreement governed under the laws of the State of New Jersey there is an implied covenant of good faith and fair dealing.

28. This covenant of good faith and fair dealing requires the defendant to deal with the plaintiff fairly and honestly, and do nothing to impair or interfere with the plaintiff's rights and benefits.

29. The defendant breached the implied covenant of good faith and fair dealing as set forth above.

30. As a direct and proximate result of the defendant's actions, plaintiff has been harmed.

**WHEREFORE**, plaintiff demands judgment in her favor against defendant in an amount in excess of $100,000.00, including pre- and post-judgment interest, costs of suit, and such other legal and equitable relief as this Court deems just and proper.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

Dated: December 26, 2023

*/s/ Jeffrey P. Resnick*
Jeffrey P. Resnick, Esquire
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2080
E-mail: jresnick@shermansilverstein.com
Attorneys for Plaintiff Georgann Picow

## JURY TRIAL DEMAND

Please take notice that the plaintiff demands a trial by jury as to all issues in the above matter.

Dated: December 26, 2023

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

*/s/ Jeffrey P. Resnick*
Jeffrey P. Resnick, Esquire
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2080
E-mail: jresnick@shermansilverstein.com
Attorneys for Plaintiff Georgann Picow